**05 CV 11..**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DERREL E. SMITH, on behalf of himself
and all others similarly situated,

                        Plaintiff,

      -against-

CREDIGY SERVICES CORP.

                        Defendant.
------------------------------------------------------x

**CLASS ACTION COMPLAINT**



Plaintiff, by and through his undersigned attorneys, alleges upon knowledge to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from Defendant violation of § 1692 of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Derrell E. Smith (hereinafter "Smith") is a resident of the State of New York, Bronx County. On or about April 26, 2004, plaintiff received a debt collection notice from the defendant at plaintiff's home address. **Exhibits A**.

5. Defendant Credigy Services Corp. is a Nevada Corporation engaged in the business of collecting debt. Its President is Steven J. Stewart. Its Registered Agent is Registered Agents Legal Services, 202 North Curry Street, Suite 100, Carson City, Nevada 89703-4121.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as described in paragraphs numbered 18 through 20 of this complaint, as of the date of plaintiff's complaint. Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Credigy Services Corp.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various specific provisions of the FDCPA.

9.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.     Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(3) and 1692e(10).

    b.     Whether plaintiff and the Class have been injured by the defendant's conduct;

    c.     Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of the defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.     Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.    Plaintiff's claims are typical of the claims of the Class, and the plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.    Plaintiff will fairly and adequately protect the interests of the Class and has

retained experienced counsel, competent in the prosecution of class action litigation.

14.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

15.     A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages. If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

16.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     On or about April 26, 2004, defendant sent a collection letter to plaintiff Smith demanding payment of a debt allegedly owed originally to First Select, Inc. A copy of said letter, front and reverse, is annexed hereto as **Exhibit A**.

4

18.    The letter states: "**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**"

19.    The reverse of the collection letter references the entity "Stewart & Associates, P.C., Attorneys at Law."

20.    The use of the law firm name by a collection agency deceptively gives the impression that said law firm is involved in the collection of the debt.

21.    Defendant in may instances violated the requirements of the FDCPA, in the following and other respects:

    (a)    by falsely representing that this communication was from an attorney in violation of 15 U.S.C. § 1692e, 1692e(3) and 1692e(10).

## CLASS ALLEGATIONS

22.    This action is brought on behalf of a class. The class includes

(i)    All consumers who received a letter from defendant Credigy Services Corp.

(ii)    which referenced Stewart & Associates, P.C., Attorneys at Law.

23.    The class period begins one year prior to the filing of this action.

24.    The class is so numerous that joinder of all members is impractical. Upon information and belief, there are several hundred class members. Plaintiff is complaining of standard form letters.

25.    There are questions of law common to the class, which questions predominate over any questions affecting only individual class members. The principle questions presented are whether defendant violated 15 U.S.C. § 1692e, 1692e(3) and 1692e(10).

5

26. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither plaintiff nor his counsel have any interests which might cause her not to vigorously pursue this claim.

27. Plaintiff's claims are typical of he class, which all arise from the same operative facts and are based on the same legal theories.

28. A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

(a)  Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative.

(b)  Issue a preliminary and permanent injunction restraining defendants, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)  Issue a declaratory Order requiring defendants to make corrective disclosures;

(d)  Awarding plaintiff and the class statutory damages;

(e)  Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

(f)  Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: January 24, 2005
      Uniondale, New York

*/s/ Abraham Kleinman*
Abraham Kleinman  (AK-6300)
Lawrence Katz       (LK-0062)
Katz & Kleinman PLLC
626 EAB Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (516) 522-2890

**EXHIBIT A**

# CREDIGY SERVICES CORP.

P.O. BOX 2689
SUWANEE, GA  30024

**RETURN SERVICE REQUESTED**

(866) 990.9972

DERRELL E SMITH
3309 LURTING AVE
BRONX NY  10469-3711

April 26, 2004

Regarding:          Credigy Receivables Inc. and former First Select, Inc., account
Account Number:     4168100023656141
Balance as of today: $5287.13

Credigy Receivables Inc. has purchased your First Select, Inc., account, and as such your account has been placed with our office for collection.  We look forward to hearing from you.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.  IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Should you have any questions, or to discuss different ways you may make an agreement, please call 1-866-990-9972.  **NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Sincerely,

V. Santos
Collections Manager

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

VL01_BZ

Your calls may be monitored for quality assurance purposes.

The information listed in this letter does not contain a complete list of the rights consumers have under state and federal law.

**Notice to residents of Maine**
Stewart & Associates, P.C., Attorneys at Law, is registered with the Maine Department of the Secretary of State with a d/b/a of "Steven Stewart & Associates, P.C., Attorneys at Law."

**Notice to residents of West Virginia**
Stewart & Associates, P.C., Attorneys at Law, is registered with the West Virginia Secretary of State with a d/b/a of "Stewart & Associates, Incorporated."

**Notice to residents of Colorado:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CAB.HTM.

**Notice to residents of Massachusetts:**
NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE **RIGHT TO MAKE A WRITTEN OR ORAL REQUEST** THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.